NOT DESIGNATED FOR PUBLICATION

No. 122,425

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

OTIS J. JOHNSON JR.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed February 19, 2021. Reversed and remanded with directions.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BRUNS and POWELL, JJ.

PER CURIAM: In this appeal, Otis T. Johnson Jr. contends that the district court erred in denying his presentencing motion to withdraw plea. Based on our review of the record on appeal, we find that the district court applied the wrong legal standard in considering Johnson's motion to withdraw his plea for good cause. See K.S.A. 2020 Supp. 22-3210(d)(1). Likewise, we find that we are not permitted to engage in a harmless error analysis under these circumstances. Rather, the appropriate remedy is to reverse the district court's decision and remand the case with directions to apply the lackluster advocacy standard in determining whether counsel was ineffective.

1

The facts material to this appeal are not in dispute. The State charged Johnson with one count of first-degree murder and one count of aggravated robbery. Subsequently, the parties entered into a plea agreement. Consistent with the terms of the plea agreement, Johnson pled guilty to voluntary manslaughter and aggravated robbery.

Prior to sentencing, Johnson filed a pro se motion to withdraw his plea. In his motion, he alleged that the first attorney appointed to represent him was ineffective. Later, he amended his motion to also allege that the second counsel appointed to represent him was ineffective. After another attorney was appointed to represent Johnson, he filed a supplemental motion to withdraw plea on his behalf.

On November 25, 2019, the district court held an evidentiary hearing on Johnson's motion to withdraw plea. At the hearing, Johnson testified on his own behalf; and the attorney who had represented him when he entered his plea also testified. At the conclusion of the hearing, the district court took the motion under advisement. Thereafter, on December 13, 2019, the district court denied Johnson's motion to withdraw plea on the record.

ANALYSIS

K.S.A. 2020 Supp. 22-3210(d)(1) grants a district court's the discretion to allow a defendant to withdraw a guilty or nolo contendere plea prior to sentencing if good cause is shown. As a general rule, the three nonexclusive factors set forth in *State v. Edgar*, 281 Kan. 30, Syl. ¶ 2, 127 P.3d 986 (2006)—often referred to as the *Edgar* factors—should guide a district court's consideration of whether a defendant has demonstrated the good cause required by K.S.A. 2020 Supp. 22-3210(d)(1). These factors are: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled,

2

coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made.

As to the first *Edgar* factor—which is relevant to this appeal—the Kansas Supreme Court held in *State v. Aguilar*, 290 Kan. 506, 513, 231 P.3d 563 (2010), that a district court must use the "lackluster advocacy" standard to determine whether counsel was ineffective when a defendant files a motion to withdraw plea prior to sentencing. Under the *Edgar* factors, the competence of counsel is "one consideration when the motion is filed in the time period between conviction and sentencing." But a defendant is not required to "demonstrate ineffective assistance arising to the level of a violation of the Sixth Amendment." 290 Kan. at 512-13.

As our Supreme Court explained:

"It is neither logical nor fair to equate the lesser K.S.A. 22-3210(d) good cause standard governing a presentence plea withdrawal motion to the high constitutional burden. The *Edgar* factors do not transform the lower good cause standard of the statute's plain language into a constitutional gauntlet. Merely lackluster advocacy . . . may be plenty to support the first *Edgar* factor and thus statutory good cause for presentence withdrawal of a plea." (Emphasis added.) 290 Kan. at 513.

Based on our review of the record on appeal, we find that the district court improperly applied the stricter constitutional standard under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), instead of the lackluster advocacy standard required by *Aguilar* and its progeny when it evaluated the first *Edgar* factor. Specifically, when evaluating the first *Edgar* factor, the district court stated that it had "considered the two-prong test in *Strickland v. Washington* . . . [under which] the parties are required to prove that counsel committed serious errors that undermine the Sixth Amendment guarantee to effective assistance of counsel and, secondly, that the deficient performance by counsel prejudiced the defendant." Ultimately, the district court

3

concluded that defense counsel's "representation was competent, it was effective, and it was reasonable."

"When a district court applies the wrong legal standard to its consideration of a plea withdrawal for good cause under K.S.A. 2019 Supp. 22-3210(d)(1), it is an abuse of discretion." *State v. Herring*, 312 Kan. 192, 192, 474 P.3d 285 (2020). In *Herring*, our Supreme Court further held that an appellate court cannot engage in a harmless error analysis under these circumstances. Instead, the appropriate remedy "is to reverse the decision and remand the case to the district court with directions to ensure the correct legal standard is applied." *Herring*, 312 Kan. 192, Syl. ¶ 2.

In summary, we remand this case to the district court with directions to reevaluate the first *Edgar* factor in light of the lackluster advocacy standard. Once it has done so, the district court can then exercise its discretion under K.S.A. 2020 Supp. 22-3210(d)(1) to determine whether Johnson has shown good cause to justify the withdraw of his plea prior to sentencing. Moreover, nothing in this opinion should be regarded as an expression of our view on the merits of Johnson's motion. Finally, in light of our ruling on this issue, we do not reach the issue of whether the district court erred by requiring Johnson to pay restitution in this case.

Reversed and remanded with directions.